**The order below is signed.**

**The debtor failed to file a timely opposition to the motion to dismiss by the deadline of May 2, 2016.**

**On May 9, 2016, the chapter 13 trustee filed a supplement to her motion to dismiss, noting that no timely opposition had been filed, that the debtor had not appeared for the continued meeting of creditors, and that still no plan payment had been made. Now, nine days later, the debtor has not responded by filing a motion to enlarge the time to file an opposition to the motion to dismiss.**

**In addition, on May 11, 2016, a creditor filed a motion for relief from the automatic stay. Any voluntary dismissal by the debtor would be a dismissal with prejudice by reason of 11 U.S.C. § 109(g)(2). The debtor's failure to oppose the motion to dismiss is tantamount to a voluntary dismissal. For that additional reason, making the dismissal one with prejudice is appropriate.**

**Dated: May 18, 2016.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
IN RE                                    :
CARL E. PARKER, II                       : Chapter 13 Case No. 16-00055
   Debtor
```

**ORDER OF DISMISSAL WITH PREJUDICE**

Upon consideration of the Trustee's Motion to Dismiss with Prejudice, and the Trustee's Praecipe in further support thereof, and the court record herein, it is,

ORDERED, that the Trustee's Motion to Dismiss with Prejudice, be and the same, is hereby granted and it is further,

ORDERED, that the above-captioned matter be and the same is hereby dismissed with Prejudice to the re-filing of any case under the Bankruptcy Code for a period of 180 days after entry of this Order of Dismissal, pursuant to 11 U.S.C. §1307, §105 and §349.

cc: All Entities on Mailing List